E-FILED
Thursday, 01 September, 2005  04:30:45 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

|  |  |
|---|---|
| THE SPRINGFIELD BRANCH, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al. | ) ) ) ) |
| Plaintiffs, | ) Civil Action No.00-3136 |
| v. | ) ) |
| THE CITY OF SPRINGFIELD, ILLINOIS et al. | ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' MOTION TO ENFORCE CONSENT DECREE AND APPLICATION FOR AN ORDER TO SHOW CAUSE WHY RELIEF SHOULD NOT BE GRANTED AND MEMORANDUM IN SUPPORT**

Plaintiffs, by their attorney, attempted to resolve their differences with the Defendant City Springfield, informally and without the need for Court intervention. That attempt has been unsuccessful, plaintiffs seek an order to enforce the Consent Decree agreed to by the parties and entered by this Court on September 5, 2001. The Decree applies to both the Fire Department and Police Department of Defendant Springfield.

Recent actions by the City of Springfield violate both the substantive provisions of the Decree and the procedural provisions. Substantively, although the Decree is almost four years old, Springfield has not yet hired one African-American applicant for firefighter, although several apparently well qualified and highly ranked applicants sought such employment in 2003, and at least two more did so this year. By a recent decision of the City (by a three to two vote of its Civil Service Commission), the City disqualified the two highest ranking African-American applicants for firefighters and gave as its reason information the reports of investigation of their

background. The City had disqualified high ranking firefighter applicants in 2003 for the same or similar reasons. In addition, the City recently discharged a recently hired African American police officer, under circumstances that suggest the discharge was without good cause and may well have been made based upon the race of the applicant.

The City has recently discharged from its minority recruitment committee two highly experienced and well qualified African-American members, Lt. Davis and Sgt. Harris, both of whom are widely known and highly respected in the African-American community in and around Springfield. The City apparently advised them that they were being relieved from such service because they had filed suit against the City and therefore had a conflict of interest. The City replaced them with two less well known African American police officers, both of whom also were parties to such a suit, and would of necessity have the same asserted conflict.

At least in 2005, and perhaps before that time, the Defendant City has used a "DISCLOSURE OF INFORMATION AGREEMENT AND RELEASE OF ALL CLAIMS INVOLVING THE DISCLOSURE OF INFORMATION" form, which it requires applicants who have been disqualified to sign as a prerequisite to obtaining information about the disqualfication. A Copy of that "RELEASE OF ALL CLAIMS" form is submitted herewith. Under that Form, the City agrees to release negative information from "applicant's background investigation that led to the applicant's removal from the Eligibility List for entry-level appointment" to the applicant only if the (para. 3 a):

> "applicant stipulates and agrees not to sue or file administrative charges or complaints against the City..[and its employees] including but not limited to a charge or complaint ...filed with the United States Equal Employment Opportunity Commission...and any and all causes of action in state or federal court....The applicant further stipulates and agrees to waive release and hold harmless the City ... from all liability, claims and charges which

arose prior to the date of execution of this Agreement ...including but not limited to ...Title VII of the Civil Rights Act of 1964, as amended.... nothing in ths subsection shall affect the applicant's ability to seek administrative review of the Civil Service Commission's decision and such right is specifically reserved.

Our understanding is that such a "RELEASE OF ALL CLAIMS" form was tendered to applicants Newman and Bailey, and that they have declined to sign them. Plaintiffs believe the practice of using that Form for police and fire department applicants is contrary to the provisions of the Consent Decree, and would be likely to chill any private efforts to enforce the Decree.

A. The Provisions of the Consent Decree.

The Consent Decree prohibits use by Springfield of an employment process that has a disparate impact against African Americans. Para. 15. Such selection process may be used only if the City shows that it is job related and consistent with business necessity. Para. 15. Under the Decree, this "Court shall retain jurisdiction over this action to enforce the Consent Decree, and to hear and resolve" such motions. para. 2

Under the Decree the City is obliged to keep records showing what impact its selection devices uses on grounds of race, sex and national origin (Para 19). Any such records "shall be available to plaintiffs...." Para. 20.

The Decree sets a goal of recruiting and employing African-Americans, in numbers reflecting their availability in the Springfield labor market. Para. 4.

B. The Facts

The City has hired not one (0) African American firefighter since entry of the Decree in 2001, and has not met that goal with respect to firefighting personnel. Only three of the more than 200 sworn fire fighter workforce, or about 1.5% are African American. Nor has the City

been making progress toward its goal in the Police Department. Although the size of that Department has increased, and the City has hired 20 police officers this year, at least 8 in the prior year, only one of those hired is African-American, and one such police officer, Officer Wallace, was discharged by the City, although his mentor believed that he was performing well and had been so advised repeatedly, including the day before officer Wallace was discharged.

In addition, Sgt. Harris has retired, and at least one young recently hired African American police officer has resigned.

After the results of firefighter examinations were disclosed in 2003, the City skipped over at least two, and perhaps three, black firefighter applicants who had higher scores on the City's examinations for firefighter, and hired lower ranked white applicants, apparently because of information contained in the background investigations of the African American applicants conducted by the City. Not one of those black applicants was hired, or offered employment by the City.

In August, 2005, the Civil Service Commission of Springfield, by the three to two vote, disqualified the two highest ranked black firefighters, applicants Newman and Bailey, on the list of eligibles for firefighter, apparently because of information contained in the background investigation conducted by the City. And as indicated above, the City has declined to supply that information to those applicants, unless they executed a release form.

On or about Aug. 24, 2005, a plaintiff in a Title VII suit took the deposition of Ms. Anderson, the former chief of staff of the Mayor of Springfield, in Springfield. Although the attorney for the plaintiff sought to sit in on the deposition, the attorney for the City objected, and apparently the City is trying to treat the transcript as confidential.

ARGUMENT

Springfield's recent conduct is incompatible with its obligations under the Consent Decree. Its disqualification in 2003 and 2005 of the four or five highest ranking African-American applicants in 2003 and 2005 appears to be without solid reason, and contrary to the Decree, Para. 4, Plaintiffs can discern. Springfield's refusal to disclose the substance of the background reports for four African-African candidates suggests that it has something to hide, and in deed, its words are given ordinary meaning, would prevent applicants from learning why they were disqualified, without giving up their rights to seek relief under Title VII from the disqualification.

The Consent Decree contemplates motions to enforce the Decree, after reasonable efforts to resolve the disputes between the parties have been made. Plaintiffs have acted with caution and care in efforts to resolve the matter without the assistance of the Court. The defendant has not furnished to the plaintiffs with the information necessary to ascertain the relevant facts.

Accordingly, this Court should set this motion for a hearing within the next 30 days, and should ask the City to show cause at the Hearing why it should not be held in violation of the Consent Decree; and, in the absence of such good cause, the Court should enter an Order declaring the City in violation of the Decree, and should enter an order restraining the City from using an All Claims Relief form of the kind submitted herewith , and requiring the City to make whole the victims of its violations of the Decree, and should award costs of litigation, including attorneys' fees, to the plaintiffs, all in accord with Title VII of the Civil Rights Act of 1964,as amended.

Respectfully submitted,

/s/ David L. Rose

David L. Rose
1320 19th Street, NW
Suite 601
Washington, DC 20036
(202) 331-8555
Attorney for the Plaintiffs.

September 1, 2005