## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| THE SPRINGFIELD BRANCH, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al, ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) | CASE NO. 00-3136 |
| CITY OF SPRINGFIELD, ILLINOIS, et al ) ) | |
| Defendant, and ) ) | |
| POLICE BENEVOLENT AND PROTECTIVE ASSOCIATION, UNIT NO. 5 and INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 37, ) ) ) ) ) | |
| Third-Party Defendants. ) | |

### MOTION OF PLAINTIFFS JAMES E. JOHNSON AND TARA HOLDER TO ENFORCE CONSENT DECREE AND FOR RULE TO SHOW CAUSE

Now come Plaintiffs, James E. Johnson and Tara Holder (formerly known as Tara Borders), by their attorneys, Hart & Hart, and for their Motion to Enforce Consent Decree and for Rule to Show Cause, state:

1. On September 5, 2001, this Court entered a Consent Decree based upon an agreement among the parties.

2. Paragraph 25 of the Consent Decree provides that "the Court shall retain jurisdiction over this action to enforce this Consent Decree, and to hear and resolve any motions to enforce or modify the Decree or seeking supplemental relief, to the extent such motions are otherwise permitted herein".

1

3. The Defendant City of Springfield Illinois ("City") is not in compliance with the terms and conditions of the Consent Decree, despite the fact the former Chief of Staff to Mayor Timothy Davlin advised Mayor Davlin of the need to comply with the Consent Decree.

4. Plaintiffs' counsel, David L. Rose, has previously conferred in good faith with counsel for the City regarding lack of compliance by the City, but the City is still not in compliance with the terms and conditions of the Consent Decree.

5. The City has failed to provide the several of the reports required by paragraph 21 of the Consent Decree to Plaintiffs in a timely manner.

6. Since the entry of the Consent Decree, the City has violated paragraph 9 of the Consent Decree by engaging in employment practices which unlawfully discriminate against African-Americans for recruitment, hiring or other terms or conditions of employment of firefighters and police officers.

7. Some examples of such discriminatory conduct since the entry of the Consent Decree include the following:

    a. Police Recruit Chris Wallace was unlawfully discriminated against both during his employment and when he was discharged from the Springfield Police Department;

    b. Recently, eleven (11) new police officers were hired by the City, all of whom were Caucasian, while, at the same time, eleven (11) African-American officers were eligible and qualified for hire;

    c. Police Lt. Rickey Davis was unlawfully discriminated against when he was not chosen as Deputy Chief of Criminal Investigations;

    d. Police Officer Renatta Frazier was forced to resign from the Department due to unlawful discrimination;

    e. African-American Police Officers continue to be subject to unlawful discrimination in a number of ways, including discipline, internal affairs

complaints, retaliation, position selection and terms and conditions of their employment.

8. The City is also in violation of paragraphs 10 and 11 of the Consent Decree in that the number of African-American police officers is now less than it was at the time the Consent Decree was entered due, in part, to the City's failure to implement and maintain an effective recruitment program and to take appropriate action to discipline employees who are responsible for racially discriminatory practices. Mayor Timothy Davlin has admitted that the City has failed in its efforts to recruit minorities. Likewise, the City has failed to significantly increase the number of African-American firefighters.

WHEREFORE, Plaintiffs, James E. Johnson and Tara Holder, respectfully request the following relief:

A. That the Court conduct a hearing regarding the issue of whether the City is in compliance with the terms of the Consent Decree;

B. That the City be required and compelled by the Court to comply with the terms of the Consent Decree;

C. That the Court enter an Order requiring the City to show cause why it should not be held in contempt or otherwise sanctioned for failing to comply with the terms of the Consent Decree;

D. That the Consent Decree be extended beyond the ten (10) year period established by paragraph 23 of the Consent Decree;

E. That the Court award Plaintiffs Johnson and Holder attorney fees and costs incurred in connection herewith;

F. For such other and further relief as the Court deems just and appropriate.


                                          HART & HART
                                          Attorneys for Plaintiffs
                                          Johnson and Holder


                              BY:  s/A. COURTNEY COX



A. COURTNEY COX
Illinois Bar #06182590
HART & HART
Attorneys  at Law
P. O. Box 937
Benton, IL 62812-0937
Telephone: 618-435-2962
Telefax: 618-435-2962
Email: courtc@harthart.com

**PROOF OF SERVICE**

The undersigned hereby certifies that copy of the foregoing will be sent to the following attorneys through the ECF System on September 1, 2005.

Jenifer Johnson
Corporation Counsel
City of Springfield
Room 100, Municipal Center West
300 South Seventh Street
Springfield, Illinois 62701-1680

Donald M. Craven
Attorney for IAF Local #37
1005 North 7th Street
Springfield, IL 62702

Ronald J. Stone
Attorney for PB&PA Unit #5
725 South 4th St.
Springfield, IL 62703

David L. Rose
Rose & Rose
1320 19th Street, N.W., Suite 601
Washington, D.C. 20036

S/A. COURTNEY COX