# ROSE & ROSE

1320 19ᵀᴴ STREET, N.W.
SUITE 601
WASHINGTON, D.C. 20036
TELEPHONE: (202) 331-8555
FAX: (202) 331-0996
E-MAIL: DAVER@ROSELAW.ORG

David L. Rose
(202) 331-8555

Terri N. Marcus
(202) 331-8557

Joshua N. Rose
(202) 331-8556

## TELECOPIER TRANSMISSION COVER SHEET

DATE:       August 26, 2005

TO:         Jenifer Johnson, Corp. Counsel, City of Springfield

FAX #:      (217) 789-2397
Tel.        (217) 789-2393

FROM:       Dave  Rose

RE:         Springfield NAACP, et al.  v. City Of Springfield, et al.
            Civ No. 00-3136

MESSAGE:  Please see my correspondence dated 8/26/05.

CLIENT : Springfield (205)        DATE SENT: 8/26/05        SENT BY: slh

---

We are transmitting 2 page(s) not including this one.  If you have any problem with this transmission, please call (202) 331-8555

---

EXHIBIT
#1

# ROSE & ROSE

*A Professional Corporation*
*1320 19th Street, N.W.*
*Suite 601*
*Washington, D.C. 20036*
*Telephone: (202) 331-8555*
*Fax: (202) 331-0996*

*David L. Rose*
*daver@roselawyers.com*
*(202) 331-8555*

*Joshua N. Rose*
*josh@roselawyers.com*
*(202) 331-8556*

*David M. Wachtel*
*daveu@roselawyers.com*
*(202) 331-8557*

*Terri N. Marcus*
*tmarcus@roselawyers.com*
*(202) 331-0363*

August 26, 2005

By Fax and First Class Mail
Ms. Jenifer Johnson, Corporation Counsel
City of Springfield
800 E. Monroe, Room 313
Springfield, IL 62701

Re:  Consent Decree in Springfield Branch, NAACP, et al.  v. City of Springfield,
      Case No. 00-3136, C. D., IL; Consent Decree

Dear Ms. Johnson:

I was pleased to meet you and your colleagues in person on this subject earlier this week. Thank you for your e-mail message of yesterday forwarding the City's form release which we discussed at the meeting.

We have reviewed that release and find it remarkably different from the City's position as you expressed it to us earlier this week.  The provision on Waivers and Release expressly requires the candidate for employment expressly to agree "...not to sue or file...charges or complaints against the City...." and to waive and release ...all...claims arising under....Title VII of the Civil Rights Act of 1964, as amended..."  Paragraph 3a.

We believe that the use of this release to prevent applicants for employment with the Springfield Fire Department or Police Department from filing employment discrimination complaints and to prevent applicants who have been disqualified by the City from employment from learning the nature and details of the allegations against them is incompatible with the interests of the plaintiffs and the class of African Americans they represent. Such a requirement is in our view incompatible with Title VII, and if it resulted in a refusal of the City to disclose the information to plaintiffs in this case about African-American applicants who have been disqualified from employment by the City, it would be incompatible with the Consent Decree.

Please let me know as soon as possible if the City is willing to modify the waiver and release form so that it does not apply to any rights that individual applicants may have under the Consent Decree and Title VII.

Sincerely,

David L. Rose
Attorney for the Plaintiffs

cc:     Ken Page
        Archie Lawrence

# ROSE & ROSE

1320 19ᵀᴴ STREET, N.W.
SUITE 601
WASHINGTON, D.C. 20036
TELEPHONE: (202) 331-8555
FAX: (202) 331-0996
E-MAIL: DAVER@ROSELAW.ORG

David L. Rose
(202) 331-8555

Terri N. Marcus
(202) 331-8557

Joshua N. Rose
(202) 331-8556

## TELECOPIER TRANSMISSION COVER SHEET

DATE:        August 31, 2005

TO:          Jenifer Johnson, Corp. Counsel, City of Springfield

FAX #:       (217) 789-2397
Tel.         (217) 789-2393

FROM:        Dave Rose

RE:          Springfield NAACP, et al. v. City Of Springfield, et al.
             Civ No. 00-3136

MESSAGE:  Please read my correspondence of today.

CLIENT : Springfield (205)        DATE SENT:  8/31/05        SENT BY: mr

We are transmitting 4 page(s) not including this one.  If you have any problem with this transmission, please call (202) 331-8555

# ROSE & ROSE

*A Professional Corporation*
*1320 19th Street, N.W.*
*Suite 601*
*Washington, D.C. 20036*
*Telephone: (202) 331-8555*
*Fax: (202) 331-0996*

*David L. Rose*
*daver@roselawyers.com*
*(202) 331-8555*

*David M. Wachtel*
*davew@roselawyers.com*
*(202) 331-8557*

*Joshua N. Rose*
*josh@roselawyers.com*
*(202) 331-8556*

*Terri N. Marcus*
*tmarcus@roselawyers.com*
*(202) 331-0363*

Aug. 31, 2005

<u>By Fax and First Class Mail</u>
Ms. Jenifer Johnson, Corporation Counsel
City of Springfield
800 E. Monroe, Room 313
Springfield, IL 62701

Re:    Consent Decree in Springfield Branch, NAACP, et al. v. City of Springfield,
       Case No. 00-3136, U.S. District Court, Central District of Illinois; Newly
       Apparent Non-Compliance with Decree Entered September 5, 2001

Dear Ms. Johnson:

We have corresponded several times on this subject this spring and summer, and I met with you on Wednesday of last week, Aug. 24, 2005 on this subject.

After receipt from you of a copy of the "Release of All Claims" document, I sent a letter to you on Aug. 26, by fax and first class mail, stating why I believe that document is contrary to the Consent Decree in this matter. Although I asked for your position as soon as possible, I have not yet received a response. In plain terms, the Consent Decree requires the City to create and maintain "all records....of the effects of its selection devices...it used.." Para. 21. In addition, it agreed to make "available" to plaintiffs "Any records ...upon request and reasonable notice." Para. 20.

You have been aware at least since last Friday of our interest in the disqualification of the two highest ranking African-American firefighter candidates, and in the form. My understanding from your failure to respond to my letter of Aug. 26 is that the City has declined to provide either the plaintiffs or their attorney, the undersigned, with a copy of each background report, even with an assurance that we will not make them public. We will ask the Court for a protective order if upon inspection it would appear that there is good cause for one. The City's apparent refusal to provide us with the background materials is in apparent violation of the Decree.

The City's action in disqualifying both Messrs. Newman and Bailey, the two highest ranking black candidates for firefighter on the City's entrance examination, also appears to be in

direct violation of the Consent Decree. The Decree prohibits use by the City of any "selection process having a disparate impact" against blacks or women, "is unlawful under Title VII, unless it is shown by the test user to be job related...and consistent with business necessity under Title VII. Consent Decree, Para 15.

With respect to hiring firefighters, the City in the spring of 2003 used background investigations or similar devices to exclude otherwise qualified black applicants for firefighter positions. We wrote to the attorney representing the City on April 10, 2003, complaining about the passing over of the highest ranking African-American applicant, and the apparent passing over of at least one other such applicant, without any justification or other reason stated for at least two such candidates.

The recent decision of the City, by a majority of one vote of its Civil Service Commission, has "disqualified" the two highest ranking African-American applicants. The City apparently did so in 2003. In both years the City appears at least initially to have denied that information to the disqualified candidates, although our records suggest that in 2003 the City did furnish such information to the undersigned upon the execution of a simple one paragraph authorization by the applicant that stated that the information would be provided to me, for possible use in this case. A copy of the Form that we believe one candidate signed in 2003 is enclosed for your information. In 2003 and 2005, background information or other similar information has been used by Springfield to disqualify at least four of the five highest ranking African-American applicants for firefighter positions. Such use has prevented progress by the City toward meeting the goals of the Decree, and appears to be in violation of the Decree.

Unless the City advises me today of its agreement to provide me with copies of the background investigative reports concerning Newman and Bailey, upon execution by the applicants of an authorization like that used in April, 2003, we will be obliged to seek relief from the District Court by motion to enforce the Decree. Please write me by fax or e-mail if you intend to cooperate in our investigation by furnishing us with the two critical documents.

If you are willing to provide us with the documents, I also would like to receive from the City a letter indicating what corrective action the City has been or will be taking to restore Messrs. Newman and Bailey to the firefighter eligibility list, unless the background information

2

is plainly job related and necessary, and any other such actions the City has taken or plans to take in an effort to achieve the goals of the Consent Decree.

Sincerely,

David L. Rose
Attorney for the NAACP

cc:    Dennis Hayes, Esq.

3

To      Bradley Wilson, Esq., Attorney for the City of Springfield


I hereby authorize you to provide to David L. Rose, attorney for the plaintiffs in Springfield Branch, NAACP, et al. v. City of Springfield, information contained in the City's background investigation of me, and information in the psychological examination conducted for the City, in relation to my eligibility for the position of firefighter with the City of Springfield, and any other documents he considers to be relevant to assert and protect my rights under the Consent Decree entered in that case.



_____
Wilbur Day


Done this ___ day of April, 2003

# ROSE & ROSE

1320 19TH STREET, N.W.
SUITE 601
WASHINGTON, D.C. 20036
TELEPHONE: (202) 331-8555
FAX: (202) 331-0996
E-MAIL: DAVER@ROSELAW.ORG

David L. Rose
(202) 331-8555

Terri N. Marcus
(202) 331-8557

Joshua N. Rose
(202) 331-8556

## TELECOPIER TRANSMISSION COVER SHEET

DATE:       August 31, 2005

TO:         Jenirfer L. Johnson, Corp. Counsel
            Josh Carter

FAX #:      (217) 789-2397
Tel.        (217) 789-2393

FROM:       Dave Rose

RE:         Springfield NAACP, et al. v. City Of Springfield, et al.
            Civ No. 00-3136; Consent Decree Entered Sept. 5, 2001.

MESSAGE:    Here is the kind of authorization that the City has used for a prior
            firefighter applicant in 2003, authorizing the City to release to me
            information in a background investigation file, upon my representation that
            I would not disclose the contents to the public. Would such a request be
            acceptable to the City for Mr. Bailey ? Mr. Newman ?


CLIENT : Springfield (205)      DATE SENT: 8/31/05        SENT BY: mr

We are transmitting 1 page not including this one. If you have any problem with this
transmission, please call (202) 331-8555

To    Frank Martinez, Esq., Attorney for the City of Springfield


I hereby authorize you to provide to David L. Rose, attorney for the plaintiffs in Springfield Branch, NAACP, et al. v. City of Springfield, information contained in the City's background investigation of me, in relation to my eligibility for the position of firefighter with the City of Springfield, and any other documents Mr. Rose considers to be relevant to assert and protect my rights under the Consent Decree entered in that case.


_____

[firefighter applicant]


Done this ____ day of      , 2005



Assistant Corporation Counsel
 Tracy A. Johansson
 James A. Lang
 Frank E. Martinez
 Joshua D. Carter
 Angela Fyans
 Megan E. Morgan
 Jason A. Anselment

**OFFICE OF CORPORATION COUNSEL
CITY OF SPRINGFIELD, ILLINOIS**

**JENIFER L. JOHNSON
Corporation Counsel**

Rm. 313 Municipal Center East
800 East Monroe Street
Springfield, IL 62701-1689
Phone: (217) 789-2393
Fax:    (217) 789-2397

August 31, 2005

David L. Rose
Rose & Rose
1320 19th Street, N.W., Suite 601
Washington, D.C. 20036

*VIA FACSIMILE*

Re:    Authorization for Release of Records

Dear Mr. Rose:

Frank Martinez and I have reviewed your proposed authorization to release records. As we discussed earlier today on the telephone, this authorization is acceptable to the City, provided that you and your clients refrain from releasing this information to any third party, including the applicants themselves. Additionally, as we also discussed earlier, as Mr. Newman is currently represented by counsel, and we believe his attorney should sign his authorization as well.

If I may be of further assistance please call me at (217) 789-2393.

Sincerely,

Joshua D. Carter
Assistant Corporation Counsel

Enclosure

# ROSE & ROSE

1320 19ᵀᴴ STREET, N.W.
SUITE 601
WASHINGTON, D.C. 20036
TELEPHONE: (202) 331-8555
FAX: (202) 331-0996
E-MAIL: DAVER@ROSELAW.ORG

David L. Rose
(202) 331-8555

Joshua N. Rose
(202) 331-8556

Terri N. Marcus
(202) 331-8557

## TELECOPIER TRANSMISSION COVER SHEET

DATE:     September 1, 2005

TO:       Jenirfer L. Johnson, Corp. Counsel
          Josh Carter

FAX #:    (217) 789-2397
Tel.      (217) 789-2393

FROM:     Dave Rose

RE:       Springfield NAACP, et al. v. City Of Springfield, et al.
          Civ No. 00-3136; Consent Decree Entered Sept. 5, 2001.

MESSAGE:  See enclosed correspondence dated 9/1/2005.

CLIENT : Springfield (205)       DATE SENT: 9/1/05       SENT BY: slh

We are transmitting 1 page not including this one. If you have any problem with this transmission, please call (202) 331-8555

# ROSE & ROSE

*A Professional Corporation*
*1320 19th Street, N.W.*
*Suite 601*
*Washington, D.C. 20036*
*Telephone: (202) 331-8555*
*Fax: (202) 331-0996*

*David L. Rose*
*daver@roselawyers.com*
*(202) 331-8555*

*Joshua N. Rose*
*josh@roselawyers.com*
*(202) 331-8556*

*David M. Wachtel*
*davew@roselawyers.com*
*(202) 331-8557*

*Terri N. Marcus*
*tmarcus@roselawyers.com*
*(202) 331-0363*

September 1, 2005

By Fax and First Class Mail
Ms. Jenifer Johnson, Corporation Counsel
City of Springfield
800 E. Monroe, Room 313
Springfield, IL 62701

> Re:    Springfield Branch, NAACP, et al.  v. City of Springfield, Case No. 00-3136, U.S.
> District Court, Central District of Illinois; Newly Apparent Non-Compliance with
> Decree Entered September 5, 2001

Dear Ms. Johnson:

Please refer to your most recent letter, which was sent to us by fax yesterday evening,
Aug. 31.

We do not agree to your suggestion that we may look at the background information
only if we agree to provide the information to the applicant whose background has been
investigated by the City. The logic of the City's position also appears to be that we would not be
able to ask either white or black applicants about information contained in their background
reports.

Such an agreement would preclude enforcement of the Consent Decree against use of
background material which has a discriminatory impact and which, in this case, appears to have
disqualified the high-ranking African-American applicants, both in 2003 and this year. We are
therefore planning to file a motion to invoke the Court's assistance in this matter.

Sincerely,

David L. Rose
Attorney for the Springfield Br., NAACP



**Assistant Corporation Counsel**
 Tracy A. Johansson
 James A. Lang
 Frank E. Martinez
 Joshua D. Carter
 Angela Fyans
 Megan E. Morgan
 Jason A. Anselment

**OFFICE OF CORPORATION COUNSEL
CITY OF SPRINGFIELD, ILLINOIS**

**JENIFER L. JOHNSON**
**Corporation Counsel**

Rm. 313 Municipal Center East
800 East Monroe Street
Springfield, IL 62701-1689
Phone: (217) 789-2393
Fax:    (217) 789-2397

August 31, 2005

David Rose
Rose & Rose
1320 19th Street N.W., Suite 601
Washington D.C.  20036

Dear Mr. Rose:

I received your letter dated August 26, 2005.  In that letter you express concern
that the release provided to applicants who were disqualified by the Civil
Service Commission is inconsistent with the position we expressed in our
meeting.  To the contrary, the release is exactly in line with our discussions.

As I explained in our meeting, the City's only objective in obtaining a signed
release is to prevent an applicant from filing suit against the City for releasing
information to the applicant per that applicant's request.  The release, by its
very terms, only covers that very limited situation.  You omitted the most
critical language from your letter that significantly narrows the waiver.
Specifically, the applicant "agrees not to sue or file. . . charges or complaints
against the City" and to waive and release "claims arising under. . .Title VIII of
the Civil Rights Act of 1964, as amended. . .**stemming from the City's release
of information to the applicant**."  This provision is in no way intended to
prevent an applicant from asserting a civil rights violation relating to the
underlying decision of the Civil Service Commission.  Instead, this provision
only prevents the applicant from filing suit against the City for releasing the
requested information to the applicant.

Page 2

Although I believe the language in the release to be very clear on its face and the City is publicly on record of its position on this issue, I remain willing to consider alternative language if you wish to provide any such suggestions to me.

Sincerely,

Jenifer L. Johnson
Corporation Counsel



### OFFICE OF CORPORATION COUNSEL
### CITY OF SPRINGFIELD, ILLINOIS

Room 313, Municipal Center East                **JENIFER L. JOHNSON**                Phone: (217) 789-2393
800 E. Monroe Street                               **Corporation Counsel**                  Fax: (217) 789-2397
Springfield, IL 62701-1680

September 2, 2005

VIA FACSIMILE AND REGULAR MAIL

Mr. David Rose
Rose & Rose
1320 19th Street, N.W.
Suite 601
Washington, D.C. 20036

Re: *Springfield Branch, NAACP, et. al. v. City of Springfield*

Dear Mr. Rose:

     I am disappointed that you have failed to confer in good faith with the City in order to resolve your allegation of non-compliance with the Consent Decree. I remind you that paragraph 24 of the Consent Decree requires the parties "[i]n event of a dispute over the interpretation of or compliance with the terms of this Decree, the parties shall exchange information and confer in good faith in an effort to resolve the dispute before initiating any adversarial proceedings before the Court."

     Your tactic of threatening the City on two separate occasions to go into federal court if the City does not capitulate to your position is troubling and illustrates your continued bad faith in working out our differences as disputes arise, as does your apparent willingness to discuss these issues with the media prior to bring them to our attention. More troubling is the fact that you are now refusing to accept the background investigation of the African-American candidates for review after the City agreed to your request to be provided with this information.

     While your continued refusal to take reasonable steps to resolve this matter appears to stem from a pre-determined intent to return to the courtroom regardless of the City's willingness to work with you, I will try once again. The City is willing, per your suggestion and as already agreed to by us, to turn over the background information relied on by the Civil Service Commission in removing Mr. Newman and Mr. Bailey from the eligibility list. This is, as we previously discussed, contingent upon Mr. Newman and Mr. Bailey authorizing the release of such information to you. Alternatively, the City is willing to ask the Court to enter a joint

protective order to allow you to review the information. At this stage, the issue is whether or not the Civil Service Commission had a valid, non-discriminatory reason for removing these individuals from the eligibility list. You can review the material and make a determination as to whether you agree or disagree with the Civil Service Commission determination. If you disagree with that determination, then we should move forward. If you agree that the commission had valid reasons for their action, the issue would be resolved. There is no need for you to release the information to the applicants in order to make this determination. Your refusal to take this simple step is, frankly, baffling.

Additionally, you do not seem to understand that there are two separate issues at work here. The underlying merit of the decision to remove someone from the eligibility list is to be resolved by the administrative review process. Despite your position, the City cannot treat Mr. Newman and Mr. Bailey more favorably on the basis that they are African-American by releasing information to them not available to other candidates. All applicants whether African-American, Latino, Asian, American Indian, or white do not have the right under the Springfield Civil Service Rules to receive copies of their personal history questionnaire, background investigation or psychological screenings unless required by court action. The City must ensure that all candidates, regardless of race, are treated the same. Mr. Newman's attorney has in fact already filed an administrative review complaint to address that issue. Alternatively, the consent decree between the City and the NAACP deals with the City's hiring practices generally. The consent decree, we believe, will allow us to release the background information to you for your review to determine whether the Civil Service Commission's decisions are in conflict with the goals of the decree. As noted above, the City is more than willing to work with you on this issue.

Finally, I am not sure how you can make the assertion that the use of background material has a discriminatory impact on African-American candidates for this testing period when you are refusing to review the background investigation of African-American candidates. Moreover, you reviewed the background investigations and psychological evaluations from the 2003 African-American candidates and you never stated you felt that the background material had a discriminatory impact against African-American candidates. In fact, you chose not to intervene in the lawsuit filed by the two African-American candidates in 2003. By the way, the court agreed with the Civil Service Commission's decision to remove two African-American candidates' from the eligibility list along with seven other white candidates. However, despite these facts, if you have evidence of this alleged discriminatory impact, please bring this to our attention so it can be reviewed.

Once again I am disappointed in the fact that you have refused to accept the background investigations of the African-Americans candidates as you requested. If you change your position, please let me know. It was the City's intent to work out our differences with you, but we have no power to stop you if you choose to get the court involved prematurely without working with us first. I hope your level of cooperation will change in the future.

Very truly yours,

Frank Martinez
Assistant Corporation Counsel



*Timothy J. Davlin, Mayor*
*Lawrence W. Selinger, Director*

Phone:(217)789-2446
Fax: (217) 789-2118
Job Hotline: (217) 789-2440

# OFFICE OF HUMAN RESOURCES
## ROOM 309, MUNICIPAL CENTER WEST
## CITY OF SPRINGFIELD, ILLINOIS 62701

August 30, 2005

Phillip Johnson
2521 W. Lawrence
Springfield, IL 62704

Dear Mr. Johnson:

This is to inform you that you have successfully completed your medical screening. Accordingly, I am pleased to offer you employment as a Probationary Firefighter. Your starting rate of pay will be $2,810.96 monthly. This position is covered by Civil Service and requires completion of a 12 month probationary period.

Your first day of employment will be Monday, September 12, 2005. You will need to report to John Kulek at Lincoln Land Community College, Logan Hall, Room 1114 at 7:30 a.m. Please bring your driver's license, social security card and this letter signed and dated with you on your first day of employment.

We are confident that you will find your work experience with the City of Springfield both rewarding and beneficial. If you have any questions, please contact the Office of Human Resources at (217) 789-2446.

Sincerely,

Timothy J. Davlin
Mayor

I accept the offer of employment as stated herein and will return this letter to the Office of Human Resources.

_____                _____
Signature                                    Date        *September 12, 2005*

CC:     Chief Bartnick
        Division Chief John Kulek
        Lisa Viera

EXHIBIT
#2



Timothy J. Davlin, *Mayor*
Lawrence W. Selinger, *Director*

Phone:(217)789-2446
Fax: (217) 789-2118
Job Hotline: (217) 789-2440

# OFFICE OF HUMAN RESOURCES
## ROOM 309, MUNICIPAL CENTER WEST
## CITY OF SPRINGFIELD, ILLINOIS 62701

August 30, 2005

Julie Plunk
1426 Monument Ave.
Springfield, IL 62702

Dear Ms. Plunk:

This is to inform you that you have successfully completed your medical screening. Accordingly, I am pleased to offer you employment as a Probationary Firefighter. Your starting rate of pay will be $2,810.96 monthly. This position is covered by Civil Service and requires completion of a 12 month probationary period.

Your first day of employment will be Monday, September 12, 2005. You will need to report to John Kulek at Lincoln Land Community College, Logan Hall, Room 1114 at 7:30 a.m. Please bring your driver's license, social security card and this letter signed and dated with you on your first day of employment.

We are confident that you will find your work experience with the City of Springfield both rewarding and beneficial. If you have any questions, please contact the Office of Human Resources at (217) 789-2446.

Sincerely,

*Timothy J. Davlin*

Timothy J. Davlin
Mayor

I accept the offer of employment as stated herein and will return this letter to the Office of Human Resources.

_____
Signature

09/12/05
_____
Date

CC:    Chief Bartnick
       Division Chief John Kulek
       Lisa Viera



TELEPHONE: (217) 789-2446
FAX: (217) 789-2118

MUNICIPAL CENTER WEST
300 S. SEVENTH, ROOM 309
SPRINGFIELD, ILLINOIS 62701

CITY OF SPRINGFIELD, ILLINOIS
TIMOTHY J. DAVLIN, MAYOR

## CIVIL SERVICE COMMISSION

August 17, 2005

Semaj Allen
1406 W. Main #2
Decatur, IL 62522

Dear Mr. Allen:

This letter constitutes a conditional offer of employment for the position of Entry Level Firefighter. This offer is contingent upon successfully passing your psychological screening which will be reviewed by the Civil Service Commission at a special meeting scheduled for Monday, August 22, 2005 at 12:00 p.m. and successfully passing your medical examination and drug screening.

You will be notified of the outcome of that meeting. If you passed, you will also be scheduled for a medical examination and drug screening as discussed above. Until we notify you of your results, **do not change your present employment status**. If you have any questions, please contact our office at (217)789-2446.

Sincerely,

*Lawrence W. Selinger*

Lawrence W. Selinger
Acting Chief Examiner

LWS/mkh



TELEPHONE: (217) 789-2446
FAX: (217) 789-2118

MUNICIPAL CENTER WEST
300 S. SEVENTH, ROOM 309
SPRINGFIELD, ILLINOIS 62701

CITY OF SPRINGFIELD, ILLINOIS
TIMOTHY J. DAVLIN, MAYOR

## CIVIL SERVICE COMMISSION

August 17, 2005

Angela Hamm
305 Westhampton
Sherman, IL 62684

Dear Ms. Hamm:

This letter constitutes a conditional offer of employment for the position of Entry Level Firefighter. This offer is contingent upon successfully passing your psychological screening which will be reviewed by the Civil Service Commission at a special meeting scheduled for Monday, August 22, 2005 at 12:00 p.m. and successfully passing your medical examination and drug screening.

You will be notified of the outcome of that meeting. If you passed, you will also be scheduled for a medical examination and drug screening as discussed above. Until we notify you of your results, **do not change your present employment status**. If you have any questions, please contact our office at (217)789-2446.

Sincerely,

*Lawrence W. Selinger*

Lawrence W. Selinger
Acting Chief Examiner

LWS/mkh

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| THE SPRINGFIELD BRANCH, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et. al., ) ) ) ) | No. 00-3136 |
| Plaintiffs, ) ) ) | |
| v. ) ) ) | |
| CITY OF SPRINGFIELD, ILLINOIS, et. al. ) ) | |
| Defendant, and ) ) | |
| POLICE BENEVOLENT AND PROTECTIVE ASSOCIATION, UNIT NO. 5 and INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 37, ) ) ) ) ) | |
| Third Party Defendants. ) | |

## AFFIDAVIT

I, **Robert Bartnick,** on oath, state:

1.    I am the Fire Chief for the City of Springfield, Illinois.

2.    I determine the hiring needs of the Springfield Fire Department.

3.    The Springfield Fire Department will hire approximately 10 firefighters in its next round of hiring in March, 2006.

4.    Semaj Allen, African-American and Angela Hamm, white female will be first two candidates hired if they accept the position in the next round of hiring, since they took a passover during the last round of hiring pursuant to Springfield Civil Service Commission Rule 5.11.

**FURTHER AFFIANT SAITH NOT.**

Date: September 14, 2005        _Robert Bartnick_ _____

Robert Bartnick, Springfield Fire Chief

**EXHIBIT**

**#3**

Sworn and subscribed to me this 14th day of September 2005

_Roberta E. Lanier_
Notary Public

OFFICIAL SEAL
ROBERTA E. LANIER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-4-2007

**Frank Martinez**
**Assistant Corporation Counsel**
**Room 313, Municipal Center East**
**800 East Monroe Street**
**Springfield, Illinois 62701-1680**
**Telephone: (217) 789-2393**
**Facsimile: (217) 789-2397**



**America's Newspapers**
The Ultimate Newspaper Archive

EXHIBIT

#4

**Paper: State Journal-Register, The (Springfield, IL)**
**Title: Firefighting recruit files lawsuit to obtain reasons he wasn't hired**
**Date: September 1, 2005**

Springfield's former top black firefighting recruit took the city's Civil Service Commission to court Wednesday to try to force the panel to provide more details on why he was struck from the fire department's hiring list.

In addition to **Michael Newman**, 30, two other firefighting candidates - **Michael** Vespa and Dustin Vicari, both of whom are white - are asking a Sangamon County judge to review the reasons the city rejected them as potential hires.

City officials declined to comment on the court action because they had not seen the complaint.

Vespa, 30, and Vicari, 21, both received conditional job offers pending a psychological evaluation and were put in the first group of potential firefighter hires. Subsequent to those evaluations, they were rejected for employment.

In **Newman**'s case, problems arose after completion of his background check.

The three decided not to sign a release form created by the city's legal department that would allow information on why they were rejected to be given to them. They instead hope that they can obtain the same information through the court's discovery process.

The form requires those who sign it to agree not to sue or file an administrative complaint against the city in exchange for the information.

The city legal staff contends the language simply means that rejected candidates cannot sue the city for giving them the information. But attorneys representing the three rejected candidates believe the form could be interpreted as taking away their ability to sue the city based on the information contained in the documents.

"We would have liked to have avoided taking this step, but we did not feel we could go through the waiver process without giving up substantial rights of our clients," said Dan Fultz, an attorney for the three.

In **Newman**'s case, the plaintiffs' attorneys hope to get a copy of the tape recording of a July 19 executive session of the Civil Service Commission where **Newman**'s possible employment is believed to have been discussed.

Fultz said the attorneys found it interesting that there was some confusion at the public session of the July 19 meeting as to whether **Newman** was to be struck from the hiring list.

"When they get to **Newman**'s name, one (commissioner) says, 'I don't think he's supposed to be on the disqualification list,'" Fultz said. "There's a long pause, and then they disqualify him. We'd like to know if there was something discussed in executive session."

**Newman** and the others are simply seeking "enough information to make a determination as to whether the decision was fair," Fultz added.

"I don't think any one of our three clients would dispute that if there's information that shows there's a legitimate reason for them not to be on this list, we're done," he said. "We just want to know."

**Newman**'s case has drawn attention because as one of the top scorers on the fire department's test, the Navy veteran who had top-secret clearance and is employed by Wells Fargo appeared to be qualified. Springfield, which has few minorities in its police or fire departments, has been trying to boost those numbers.

Fultz emphasized that **Newman** does not believe this is a racial issue.

"Mr. **Newman** does not have any intention of using his race to become a Springfield firefighter. He has every intention of using

his qualifications to become a Springfield firefighter," the attorney said.

On Aug. 15, the Civil Service Commission declined to take another vote on **Newman** and other firefighting candidates who had been rejected previously. The matter was reconsidered because only three of the commission's five members voted at its July meeting.

All content is (c) Copyright 2005 The State Journal-Register, a division of Copley Press, Inc. All rights reserved. No material may be reproduced electronically or in print without written permission.

*Author: CHRIS WETTERICH STAFF WRITER*
*Section: CITY/STATE*
*Page: 9*
*All content is (c) Copyright 2005 The State Journal-Register, a division of Copley Press, Inc. All rights reserved. No material may be reproduced electronically or in print without written permission.*

IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT

SANGAMON COUNTY, ILLINOIS

RANDY POORMAN,                      )
WILLIAM KALTENBACH,                 )
RICHARD RIEMANN,                    )
JOHN MEREDITH,                      )
MICHAEL VLAHOVICH,                  )
DAVID LAUB, AHREN COADY,            )
LAKESHIA FOX-KIMMINS,               )
and WILBUR DAY,                     )
                                    )
          Plaintiffs,               )
                                    )
     -vs-                           )     CASE NO. 03-MR-158
                                    )
SPRINGFIELD CIVIL                   )
SERVICE COMMISSION,                 )
LARRY JONES, KATHERINE              )
STARKS-LAWRENCE, HENRY              )
HARMS, GREG AKERS, BOB              )
JASMON, THE CITY OF                 )
SPRINGFIELD, and FIRE               )
CHIEF RON HASARA,                   )
                                    )
          Defendants.               )

O R D E R

This matter is before the Court on administrative review of the Springfield Civil Service Commission's (the "Commission's") decision to remove the Plaintiffs from the Firefighter's Eligibility List. The Court, having considered the pleadings and authorities cited therein, as well as the arguments of counsel, finds as follows:

1.  The standard of review to be applied in this case is well established and not in dispute. The Plaintiff's burden is a heavy one. This Court must uphold the Commission's decision



EXHIBIT
#5
tabbies

-2-

unless it is against the manifest weight of the evidence.   An
analysis of what constitutes "against the manifest weight of the
evidence" is set forth in Finnerty v. Personnel Board of the City
of Chicago, 303 Ill. App. 3d 1 (1st Dist., 1999):

> [A] decision is against the manifest weight of
> the evidence only when an opposite conclusion
> is clearly evident.  The mere fact that an
> opposite conclusion is reasonable or even
> that the reviewing court might have ruled
> differently does not render a decision against
> the manifest weight of the evidence.  'If
> the record contains evidence to support the
> agency's decision, it should be affirmed.' Id.
> at pp. 11-12 (citations omitted)

Based on this standard, this Court must affirm the Commission's
decision in its entirety.

2.   The Commission removed Plaintiffs Laub, Riemann,
Vlahovich, Kallenbach and Day from the Firefighter's Eligibility
List due to an unsatisfactory psychological evaluation conducted by
Dr. Michael Campion.  Dr. Campion is well qualified and
experienced, and his recommendations to the Commission were made
with a reasonable degree of psychological certainty.
Significantly, the Commission accepted Dr. Campion's recommendation
in every instance; nothing in the record suggests

-3-

the Commission accepted Dr. Campion's recommendation as to some applicants, but ignored it as to others.

3.    In removing Plaintiffs due to the unsatisfactory psychological examination, the Commission was fulfilling its obligation under Rule 5.8A of the Rules of th Springfield Civil Service Commission.    The Commission hired a well qualified expert and relied upon his opinions.    The Court does not find this to be against the manifest weight of the evidence.    Plaintiffs argue that the Commission should have second-guessed its expert by performing a comparative analysis of the applicants who were rejected for psychological reasons and those who were not.    The Court finds this argument unpersuasive.    The Commission is entitled to rely on its expert, as long as it does so uniformly.    Were the Commission to second-guess the expert and go against his recommendations in some cases, but not others, it would open itself up to allegations of favoritism and corruption.

4.    The Commission removed Plaintiffs Poorman, Meredith, Fox-Kimmins and Coady from the Firefighter's Eligibility List because of an unsatisfactory background investigation.    The Court finds that, in each case, the Commission's decision was not against the manifest weight of the evidence, but was instead supported by competent evidence.

A.    Randy Poorman made questionable statements on February 23, 2003 to a Springfield Firefighter and a Leland Grove Police Officer regarding his status as an ex-federal agent and a Springfield Firefighter.    Mr. Poorman also dissembled about his

-4-

employment history at the Crowne Plaza.

B.   John Meredith had a poor work history in the Army National Guard, about which he was not forthcoming on the Personal History Questionnaire.  He also gave false statements to Springfield Police Detective Cookson when questioned about his National Guard history.

C.   Ahren Coady had two underage drinking incidents in 2002, one in Springfield and one in Charleston.  Mr. Coady failed to disclose either of these incidents in his Personal History Questionnaire.  Additionally, Mr. Coady had a very poor driving record, with eight traffic citations since 1998 and a license suspension in 2002.

D.   Lakeshia R. Fox-Kimmins failed to disclose two arrests and numerous traffic violations on her Personal History Questionnaire. She also had a history of debt problems.

Clearly, the Commission had ample reason to remove each of these applicants from the Firefighter's Eligibility List due to unsatisfactory background investigations.

WHEREFORE, the decision of the Commission removing Plaintiffs from the Firefighter's Eligibility List is affirmed in its entirety.

ENTER:  ___12-31-03___

_____
CIRCUIT JUDGE