IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE SPRINGFIELD BRANCH, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al.,<br><br>        Plaintiffs,<br>v.<br><br>THE CITY OF SPRINGFIELD, ILLINOIS et al.<br>        Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.00-3136<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF MICHAEL NEWMAN

I, Michael Newman, do declare under penalty of perjury, that the following facts are true to the best of my knowledge and belief.

1. I am a black African-American man, and a resident of the City of Springfield.

2. I am qualified to be a firefighter employed by the City of Springfield. I took and passed the most recent City examinations and scored high enough to be in the top 18 candidates. I would have been employed by now as a firefighter, except for the fact that the Civil Service Commission, by a vote of three to two, recently determined that I was disqualified because of some information in a background investigation conducted by the City.

3. I am not aware of anything in my background that would disqualify me from being a good firefighter for the City. The City of Springfield did not advise me of the nature of the information it believed to be disqualifying, and did not show me the report of the background information.

4. I was a good employee of the Illinois Department of Corrections from about September of 2001 until January of 2004. My father had a stroke in 2003 which disabled him. At that time my wife was also having serious health problems, and I was obliged in that year to seek family medical leave on a number of days to assist one or both of them. Each time that such leave was necessary, I obtained a note from a physician stating the nature of my leave. Such leave was authorized, and I did not take leave without authorization. On one occasion during my employment there I miscalculated the compensatory time and overextended that time by 15 minutes, and received an oral reprimand. That was the only occasion that I received any kind of discipline from the Department of Corrections. I left my employment there voluntarily; the Department has advised me that I am eligible for re-employment by that Department.

5. Thereafter I was employed by Honeywell Corp. for about nine months, and since April 2005 I have been employed by Wells Fargo. I became a "permanent" employee of Wells Fargo in July 2005. I left Honeywell on my own terms although I did miss some days of work there because of my father's and my wife's conditions.

6. I am no longer married. Although my father is still ill, his condition has remained stable, and my mother has become a full time care giver. Accordingly, I have not in the recent past been obliged by family obligations to take family leave.

7. In light of the fact that the City has only offered to let me see the background report about me if I sign a release and agreement in which I would give up my rights to enforce the Civil Rights Act of 1964, as amended, and other laws, I have not been able to see, comment on or correct any statements or information contained in that report.

8. I am aware of the Consent Decree signed by United Stated District Judge Richard Mills in Civ. No. 00-3136 on Sept. 5, 2001, in the suit between the Springfield Branch, NAACP, and the national NAACP as plaintiffs, and the City of Springfield as defendant. I wish to assert my rights under the Decree in that case. Accordingly, I have asked David L. Rose, attorney for the plaintiffs, to assert my rights and the rights of the plaintiffs in that case with respect to Springfield's refusal to employ me as a firefighter, and I am willing to become a party to that suit to assist in securing my rights.

Michael Newman

Done this 21th day of September, 2005.