**E-FILED**
Monday, 17 October, 2005  04:19:11 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| THE SPRINGFIELD BRANCH, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et. al., ) ) ) ) | |
| Plaintiffs, ) | No. 00-3136 |
| ) | |
| v. ) | |
| ) | |
| CITY OF SPRINGFIELD, ILLINOIS, et. al. ) | |
| ) | |
| Defendant, and ) | |
| ) | |
| POLICE BENEVOLENT AND PROTECTIVE ASSOCIATION, UNIT NO. 5 and INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 37, ) ) ) ) | |
| ) | |
| Third Party Defendants. ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY TO THE RESPONSE OF DEFENDANT CITY TO PLAINTIFFS' MOTION TO ENFORCE THE CONSENT DECREE

**NOW COMES** Defendant, by and through its attorneys, Jenifer L. Johnson, Corporation Counsel, and Frank Martinez, Assistant Corporation Counsel, submits its response to the Motion For Leave to File A Reply to Response of Defendant City to Plaintiffs' Motion to Enforce the Consent Order and states as follows:

1.    The Plaintiffs continue to mischaracterize the evidence and facts before this Court.  Specifically, the City has agreed to release the background investigations of African-American candidates, Michael Newman and Domineek Bailey, to Plaintiffs' attorney, but Mr. David Rose has refused to accept them.  In fact, the City allowed Mr. Newman's

attorney, Jon Gray Noll, the opportunity to review Mr. Newman's background investigation without his client being present and he did so. In fact, this led Mr. Noll to dismiss the state court action for administrative review regarding the Springfield Civil Service Commission's (hereinafter "Commission") decision because the City had provided legitimate non-discriminatory reasons for Mr. Newman's removal to Mr. Noll. Had this not been the case, Mr. Noll would have continued Mr. Newman's state court action and sought a reversal of the Commission's decision.

2.     The hiring of qualified minority and female applicants is not a quota and it would be unconstitutional for the City to hire a specific number of minorities in the Fire Department to match the success that the City has had with the Police Department. This is in response to the Plaintiffs reference that the City has hired African-American patrol officers at an 18% rate under the Consent Decree from 2001 to 2004, which by the way supports excellent recruitment methods and fair hiring practices being employed by City, but has not shown that same success with the Fire Department.

3.     The City has not discriminated against police recruit Christopher Wallace and more importantly Mr. Wallace has never made said allegation to the Illinois Department of Human Rights, EEOC, or to the City while he was employed by the City nor has he filed any type of discrimination action against the City in state or federal court. It is

2

significant to note that Mr. Wallace was hired after his discharge by the City and currently works for the City as a security officer. If it were the City's goal as the Plaintiffs insinuate to discriminate against Mr. Wallace based on his race while he was at the Springfield Police Department, it certainly would not have offered him another position within the City that better fits his talents. The City would be willing in provide the entire documentation as it relates to Mr. Wallace, in-camera, in order to protect the liberty and privacy interests of Mr. Wallace. In fact, the City would encourage the Court to request said information in order to determine for itself that the Plaintiffs' allegation is baseless and without any merit. In fact, the Plaintiffs failed to provide any factual basis to make such an allegation, making it nearly impossible for the City to respond to pre-determined legal conclusions.

4.     The City has already shown that Tara Holder resigned from the Springfield Police Department because of "financial hardship and family issues [and] my reasons for leaving have been entirely financial hardship, personal and family issues." (See City Exhibit No. 7 in Defendants' Response to Enforcement of the Consent Decree). Her resignation letter is also supported by the fact that Plaintiff Holder recently filed for bankruptcy. (See City Exhibit No. 1). Plaintiff Holder has never filed a charge of discrimination with the Illinois Department of Human Rights, EEOC, or in state or federal court. More importantly, she never filed a complaint with the City that she was being discriminated

while she was employed by the Springfield Police Department.  In fact, she endorsed a hostile-free and non-discriminatory environment when she stated in her resignation letter that the "[t]he Field Training Program has been an excellent learning environment...I have enjoyed working with my fellow officers and I will always consider them friends.  The City has made this an opportune experience I will not forget.  Thank you."  These kind words about the Springfield Police Department hardly sound like a police recruit who was discriminated against based on her race.

5.      When Sergeant Ralph Harris made the decision to retire, he never indicated to the Springfield Police Department that he did so because of the discriminatory practices of the Department.  Surely, if this were the case he would have filed a charge of discrimination against the City with the Illinois Department of Human Rights, EEOC or in state or federal court.  He did so when the Sergeant's promotion eligibility list was not extended by the Springfield Civil Service Commission by filing a charge of discrimination with the Illinois Department of Human Rights, which he later withdrew when he became a sergeant.  In fact, the Plaintiffs failed to indicate what the City did or did not do to prompt his retirement and more importantly how his retirement violated the Consent Decree.

6.      The City has never made the argument that the Plaintiffs could not enforce the Consent Decree and is unsure why the Plaintiffs indicated that the City made this argument.  The City merely pointed out

4

the fact that the Michael Newman, Domineek Bailey, Rickey Davis, Ralph Harris, Renatta Frazier, Christopher Wallace, two African-American firefighter applicants in 2003 and unnamed African-American police officers are not parties to this cause of action nor have they intervened in this court action by asserting standing to protect any perceived interests that may seek to enforce under the Consent Decree. Paragraph No. 5 of the Consent Decree merely indicated that the NAACP has asserted the rights of its members in the Courts, but nothing in the pleadings filed thus far indicated that any of the named above individuals are members of the NAACP or asked for their assistance in asserting whatever perceived rights that the NAACP feels it can represent before this Court.

7.    The City has not used the "Disclosure...Agreement an Release of All Claims" form to preclude applicants from reading and using the report of their background investigation for an unspecified reason which the Plaintiffs do not make clear. Certainly Plaintiffs' attorney could read the background investigation, ask the applicants about information contained in the background and determine whether the City has engaged in any type of discriminatory hiring practices. The City only indicated that the report itself not be released to any third parties or the applicants themselves, which would have been a violation of the Springfield Civil Service Rule 4.12 ("Copies of a Personal History Questionnaire, background investigation or psychological screening shall not be circulated to a candidate or employee nor will they be released

5

unless required pursuant to court action.") and in order to protect the liberty and privacy interests of Mr. Newman and Mr. Bailey if such information were given to third parties. As stated earlier, the background investigation was reviewed by Mr. Newman's attorney and his attorney was not told that he could not share the information contained in the background investigation with Mr. Newman. Just the opposite happened; the City encouraged Mr. Noll to discuss the specific reasons for Mr. Newman's removal so his state court case could be dismissed. In fact, it was the legitimate non-discriminatory reasons for Mr. Newman's removal that prompted his attorney to dismiss the state court action as the City hoped.

8.    The City has offered to give copies of Mr. Newman and Mr. Bailey's background investigation to Plaintiffs' counsel, but he has refused to accept them. Therefore, Plaintiffs' allegation that the City has refused to disclose the documents to the Plaintiffs or the Court is untrue. There was never a request made by the Plaintiffs to provide the background investigations of Mr. Newman and Mr. Bailey to the Court nor has the Court ever requested them. The City would gladly release the background investigations to the Court for in-camera inspection if asked to do so.

9.    The City has removed ten white applicants from the Firefighters' Eligibility List for having an unsatisfactory background just like Mr. Newman and Mr. Bailey and four white applicants were removed

from the Firefighters' Eligibility List for having an unsatisfactory

psychological examination.  This information was provided to the

Plaintiffs' attorney previously and the City would welcome the

opportunity to provide this information to him once again.

10.    The City would be willing to provide this Court with its

legitimate nondiscriminatory reasons for the removal of Mr. Newman and

Mr. Bailey along with a copy of their background investigations if

requested to do so under seal to protect the liberty and privacy interests

of said individuals.  In fact, the City would encourage the Court to ask

the City to do so within a certain time period designated by the Court.

The City has absolutely nothing to hide and would gladly provide any

and all information requested by this Court to demonstrate the reasons

why Mr. Bailey and Mr. Newman were removed from the Firefighters'

Eligibility List.

11.    The assertion that the City has offered no argument or

evidence of any good reason to justify the fact that it did not hire any

African-American firefighter applicants from September 1, 2001, until

the hiring of an African-American candidate in August 2005 is simply

untrue.  The City provided the background investigations to Plaintiffs'

counsel when it hired firefighters applicants back in April 2003. (See City

Exhibit No. 2).  Plaintiffs' attorney never sent any written correspondence

to the City after reviewing the information indicating that he felt that the

City engaged in discriminatory hiring practices.  To make the allegation now is disingenuous and more importantly without merit.

12.    Plaintiffs' counsel asserts that he did not receive a response to his letter of April 1, 2005, regarding the allegations of discriminatory conduct as they relate to Christopher Wallace, Ralph Harris, Rickey Davis and Deputy Chief Robert Williams is simply untrue.  Jenifer Johnson, Corporation Counsel, responded to each allegation in a thorough manner in her letter of May 12, 2005.  (See City Exhibit No. 3).

13.    The City has not refused to modify the "Disclosure Agreement and Release of All Claims…" form as indicated by the Plaintiffs.  The City simply felt that the way the Disclosure was written it allowed any applicant to pursue a Title VII action in federal court; therefore, a modification was not necessary.  In fact, the Plaintiffs were asked but refused to provide any suggested language to the City in order to determine whether said form could be modified to the satisfaction of all parties.

14.    The Declaration filed by Michael Newman is incorrect when he stated that he was removed from the Firefighters' Eligibility List by a vote of 3-2, because of the results of his background investigation.   In fact his removal was unanimous by a vote of 3-0 regarding his removal from the Firefighters' Eligibility List.  One of the Commissioners that voted for his removal is African-American.  In addition, as stated above,

the results of his background investigation were reviewed by his former attorney, Jon Gray Noll.

15.    The City has no objection to the filing of Plaintiffs' Reply Memorandum as long as the City is allowed to respond to said Reply as contained in this pleading due to the inaccurate representations made by the Plaintiffs as contained herein.

16.    If the Plaintiffs are not requesting the Court to consider its original filing as a request for a hearing to determine whether the City should be held in Contempt for violating the Consent Decree, an evidentiary hearing is no longer necessary.

WHEREFORE, Defendant prays that this Court allow the City to respond the Plaintiffs' Reply Memorandum in this pleading or as it deems appropriate and any other relief the Court deems just.

Respectfully submitted,
CITY OF SPRINGFIELD, ILLINOIS,
Defendant,

By:    s/ Frank Martinez
Bar Number: 6225562
Assistant Corporation Counsel
Room 313, Municipal Center East
800 East Monroe Street
Springfield, Illinois 62701-1689
Telephone:   (217) 789-2393
Facsimile:    (217) 789-2397
Email: corporationcounsel@cwlp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| THE SPRINGFIELD BRANCH, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et. al., )<br><br>Plaintiffs, )<br><br>vi. )<br><br>CITY OF SPRINGFIELD, ILLINOIS, et. al. )<br><br>Defendant, and )<br><br>POLICE BENEVOLENT AND PROTECTIVE ) ASSOCIATION, UNIT NO. 5 and INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 37, )<br><br>Third Party Defendants. ) | No. 00-3136 |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2005, I electronically filed Defendant's Response to Plaintiffs' Motion for Leave to File a Reply to the Response of Defendant City to Plaintiffs' Motion to Enforce the Consent Decree using the CM/ECF system, which will send notification of such filing to the following: David Rose, A. Courtney Cox, Ronald Stone and Donald Craven.

**s/ Frank Martinez**
Bar Number 6225562
Attorney for Defendant
City of Springfield
Assistant Corporation Counsel
Room 313 Municipal Center East
800 East Monroe Street
Springfield, Illinois 62701-1689
Telephone:  (217) 789-2393
Fax:           (217) 789-2397
Email:        corporationcounsel@cwlp.com

10