IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THE SPRINGFIELD BRANCH, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et. al., | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 00-3136 |
| v. | ) ) | |
| CITY OF SPRINGFIELD, ILLINOIS, et. al. | ) ) | |
| Defendant, and | ) ) | |
| POLICE BENEVOLENT AND PROTECTIVE ASSOCIATION, UNIT NO. 5 and INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 37, | ) ) ) ) ) | |
| Third Party Defendants. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS JAMES E. JOHNSON AND TARA HOLDER FOR LEAVE TO FILE A REPLY TO THE RESPONSE OF DEFENDANT CITY TO PLAINTIFFS' MOTION TO ENFORCE THE CONSENT DECREE**

**NOW COMES** Defendant, by and through its attorneys, Jenifer L. Johnson, Corporation Counsel, and Frank Martinez, Assistant Corporation Counsel, submits its response to the Motion of Plaintiffs James E. Johnson and Tara Holder for Leave to Reply to Response of Defendant City to Plaintiffs' Motion to Enforce the Consent Decree and states as follows:

1.  The NAACP's efforts in communicating with the City about the Consent Decree does not excuse the obligation of Attorney A. Courtney Cox to confer in good faith with the City as he is required to do so under paragraph 24 of the Consent Decree. Relying on Attorney David Rose's

communications with the City falls short of what is required under the Consent Decree as outlined in the Defendant's Response to Plaintiffs' Motion to Enforce Consent Decree and Application for an Order to Show Cause and Response to Motion of Plaintiffs James E. Johnson and Tara Holder to Enforce Consent Decree and for Rule to Show Cause necessitating the dismissal of Plaintiffs Johnson and Holder's cause of action.  At no time during the City's discussion with Mr. Rose did he indicate to the City that he was representing the claims of Plaintiffs Johnson and Holder on behalf of Mr. Cox.

2. The City has provided the reports required under the Consent Decree as outlined in paragraph 21 though at times in an untimely manner.  This does not demonstrate an intentional disregard of the reporting requirements under the Consent Decree nor does it support the allegation made by the Plaintiffs that the City did not take the Consent Decree seriously.  In fact, the City should be commended for its efforts to increase the number minorities and women to the Police and Fire Department.  Mr. Rose supports this assertion when he indicates that the City has hired African-Americans in the Police Department at a rate of 18 percent under the Consent Decree from 2001 to 2004. (See Pg. 1, Reply Memorandum in Support of Plaintiffs' Motion to Enforce the Consent Decree).  This would be at a higher rate than is required under paragraphs 10 and 11 of the Consent Decree.  In addition, the City initiated a Minority and Female Recruitment Committee to obtain the

2

input of the NAACP, the Black Guardians (group of current African-American Police Officers), the Police and Fire Chief, members of their department, individuals from Human Resources and the Office of Community Relations in order to work together to increase the number of minorities and women in the Police and Fire Department.  A full-time recruiter for the Police Department and the Springfield Fire Department's recruitment team has visited numerous colleges, universities, and minority events in an effort to increase the number of minorities and women.  The Springfield Police Department worked with the Springfield Housing Authority in an effort to recruit minority youth and young women to its Junior Police Academy for the past two years. (See Exhibit No. 1).  The Police Department also worked with the University of Illinois in the future development of a law enforcement/corrections program for high school students in 2005.  The previous firefighter recruiter made contact with numerous black churches in Springfield in order to speak to their congregations in an effort to recruit African-American applicants to sit for the firefighter's examination.  The City of Springfield through the Springfield Civil Service Commission implemented a banding rule that allows the Police and Fire Department to select candidates in bands instead of rank order.  This procedure allows the City to review numerous candidates at one time and potentially hire more minority and female candidates than through the traditional rank order hiring method.  The effectiveness of banding is demonstrated in the 2005 hiring class for

3

Firefighters. Banding allowed offers to be made to two African-American males and two white females. Certainly this is evidence that the City's recruitment efforts are working. The City pointed out the lack of cooperation of the NAACP in its recruitment efforts because under paragraph 10 and 11 of the Consent Decree, the NAACP is required to assist and cooperate in the recruitment efforts of the City. Paragraph 10 and 11 of the Consent Decree states "Plaintiffs shall assist and cooperate in those recruitment efforts." Plaintiff Johnson's actions, as a representative of the NAACP Springfield branch who was chosen by the NAACP to assist the City with its recruitment efforts, has discouraged both whites and another minority in pursuing a career with the Springfield Police Department when he told an entering class that he was not happy that they were hired despite the fact one of the recruits was Latino, that the racial problems of the Springfield Police Department were known nationwide, that the new recruits would be under a microscope and more importantly he would never think of working for the Springfield Police Department because it was racially motivated. This does not illustrate the assistance and cooperation that the NAACP is supposed to provide to the City in its recruitment efforts as mandated by the Consent Decree. More recently, Plaintiff Johnson failed to contact other local branches of the NAACP throughout the state of Illinois in order to recruit potential candidates for the June 2005 police entry level examination, he failed to contact the police recruiter so he could attend

4

recruitment trips and in addition, he failed to work with the City in developing a public service announcement promoting the June 2005 police entry examination. Had Plaintiff Johnson followed through on his recruitment commitments on behalf of the NAACP, the City could have attracted more African-American candidates to the Police Department.

    3.    Letitia Dewith-Anderson's assertion in her deposition that she informed city officials that the City was not in compliance with the reporting requirements under paragraph 21 of the Consent Decree is simply untrue. Ms. Dewith-Anderson's assertion in her deposition that she told Mayor Timothy Davlin, Jenifer Johnson and Frank Martinez about the reporting requirements under the Consent Decree is completely false. Attorney Frank Martinez and Jenifer Johnson never had any conversation with Ms. Dewith-Anderson about the reporting requirements in the Consent Decree nor did Mr. Martinez and Ms. Johnson attend any meeting with Mayor Davlin to discuss the consent decree reporting requirements as she stated in her deposition. Nevertheless, Ms. Dewith-Anderson stated in her deposition that "I believe it could have been an oversight," when she was discussing the reporting requirements under the Consent Decree.

    4.    The Plaintiffs read paragraph 9 too broadly when they assert that it includes any African-American, other minorities and women that have applied for a position with the City of Springfield whether he or she chooses to intervene in the present court action. Such an interpretation

would render Rule 71 meaningless and ineffective. The City is not indicating that such persons may not have a valid interest to intervene but, at minimum, intervention should be sought so a determination can be made by the Court on whether their interests are protected under the Consent Decree as a member of the protected class. Doing so without intervention would be in contravention of established case law requiring such action as previously provided to this Court.

     5.    The City has no objection to the filing of Plaintiffs' Reply Memorandum as long as the City is allowed to respond to said Reply as contained in this pleading due to the inaccurate representations made by the Plaintiffs as contained herein.

     WHEREFORE, Defendant prays that this Court allow the City to respond the Plaintiffs' Reply Memorandum in this pleading or as it deems appropriate and any other relief the Court deems just.

                        Respectfully submitted,
                        CITY OF SPRINGFIELD, ILLINOIS,
                        Defendant,

                        By:   s/ Frank Martinez
                        Bar Number: 6225562
                        Assistant Corporation Counsel
                        Room 313, Municipal Center East
                        800 East Monroe Street
                        Springfield, Illinois 62701-1689
                        Telephone:  (217) 789-2393
                        Facsimile:   (217) 789-2397
                        Email: corporationcounsel@cwlp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| THE SPRINGFIELD BRANCH, NATIONAL ) <br> ASSOCIATION FOR THE ADVANCEMENT ) <br> OF COLORED PEOPLE, et. al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vi. ) <br> ) <br> CITY OF SPRINGFIELD, ILLINOIS, et. al. ) <br> ) <br> Defendant, and ) <br> ) <br> POLICE BENEVOLENT AND PROTECTIVE ) <br> ASSOCIATION, UNIT NO. 5 and ) <br> INTERNATIONAL ASSOCIATION OF ) <br> FIREFIGHTERS, LOCAL 37, ) <br> ) <br> Third Party Defendants. ) | No. 00-3136 |

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 18, 2005, I electronically filed DEFENDANT'S RESPONSE TO PLAINTIFFS JAMES E. JOHNSON AND TARA HOLDER FOR LEAVE TO FILE A REPLY TO THE RESPONSE OF DEFENDANT CITY TO PLAINTIFFS' MOTION TO ENFORCE THE CONSENT DECREE using the CM/ECF system, which will send notification of such filing to the following: David Rose, A. Courtney Cox, Ronald Stone and Donald Craven.

                                                  **s/ Frank Martinez**
                                                  Bar Number 6225562
                                                  Attorney for Defendant
                                                  City of Springfield
                                                  Assistant Corporation Counsel
                                                  Room 313 Municipal Center East
                                                  800 East Monroe Street
                                                  Springfield, Illinois 62701-1689
                                                  Telephone:  (217) 789-2393
                                                  Fax:          (217) 789-2397
                                                  Email:       corporationcounsel@cwlp.com

8