E-FILED
Friday, 04 November, 2005  01:39:05 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE SPRINGFIELD BRANCH, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 00-3136 |
| THE CITY OF SPRINGFIELD, ILLINOIS, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This cause is before the Court on two separate motions to enforce a consent decree.

## FACTS

On May 16, 2000, the Plaintiffs sued the Defendants under 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. §§ 1981 and 1981a, alleging that the Defendants used discriminatory written tests to fill positions in the

1

City's police and fire departments.  The suit was terminated via a

September 5, 2001, Consent Decree.  See d/e 87.

On September 1, 2005, Plaintiffs NAACP, et al. moved the Court

to enforce the Consent Decree.  See d/e 93 That same day, Plaintiffs

James E. Johnson and Tara Holder (f/k/a Tara Borders) filed a Motion to

Enforce Consent Decree and for Rule to Show Cause.  See d/e 95.

The NAACP's motion contains a one page argument which states:

> [Defendants'] recent conduct is incompatible with its
> obligations under the Consent Decree.  Its disqualification in
> 2003 and 2005 of the four or five highest ranking African-
> American applicants in 2003 and 2005 appears to be without
> solid reason, and contrary to the Decree, Para. 4, Plaintiffs
> can discern. [Defendants'] refusal to disclose the substance of
> the background reports for four African-African [*sic*]
> candidates suggests that it has something to hide, and in deed
> [*sic*], its words are given ordinary meaning, would prevent
> applicants from learning why they were disqualified, without
> giving up their rights to seek relief under Title VII from the
> disqualification.

See Pls.' Br. at p.5

Similarly, Plaintiffs Johnson and Holder allege that the Defendants have

violated the terms of the Consent Decree by engaging in unspecified

discriminatory practices and failing to recruit and hire minority

2

applicants.

## ANALYSIS

United States District Court for the Central District of Illinois

Local Rule 7.1(B)(1) requires that:

> <u>Every</u> motion raising a question of law shall . . . be
> accompanied by a memorandum of law including a brief
> statement of specific points or propositions of law and
> supporting authorities upon which the moving party relies,
> and identifying the Rule under which the motion is filed.

<u>Id.</u> (emphasis in original).

The NAACP's motion to enforce the Consent Decree does not

satisfy Local Rule 7.1(B)(1).  The argument section of the NAACP's brief

does not cite any case law or statutory authority.  The sole substantive

item the NAACP identifies as a basis for relief is Paragraph 4 of the

Consent Decree, but the NAACP fails to offer any relevant language from

Paragraph 4.  Instead, the NAACP merely surmise that the Defendants

wrongfully disqualified African-American applicants and refused to

disclose background reports.

Plaintiffs Johnson and Holder offer a similarly deficient pleading for

3

the Court's consideration.  Johnson and Holder do not cite any case law or statutes in their motion.  Moreover, they appear to complain about conduct that is not part of the Consent Decree.

The NAACP's, Johnson's and Holder's conclusory pleadings are inadequate.  Without more, the Court cannot determine what, if any, merits exist in their claims.  The Plaintiffs need to cite to authority and apply relevant facts in their requests for relief.

Ergo, Plaintiffs' Motion to Enforce Consent Decree and Application for an Order to Show Cause Why Relief Should Not Be Granted (d/e 93) and Motion to Enforce Consent Decree and for Rule to Show Cause (d/e 95) are both STRICKEN.  The Plaintiffs are given leave to re-file properly drafted motions by December 5, 2005.  All pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

ENTER:  November 3, 2005.

FOR THE COURT                           s/ Richard Mills
                                        United States District Judge

4