IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THE SPRINGFIELD BRANCH, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al.<br><br>               Plaintiffs,<br>v.<br><br>THE CITY OF SPRINGFIELD, ILLINOIS et al.<br>               Defendants. | Civil Action No. 00-3136 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR AMENDED MOTION TO ENFORCE CONSENT DECREE**

    1. Plaintiffs have a right to file a motion to enforce the Consent Decree ("Decree") against the Defendant City of Springfield. Decree, ¶15, 25. This Court retains jurisdiction "over this action to enforce this Consent Decree, and to hear and resolve any motions to enforce or modify this Consent Decree..." Decree, ¶25. Paragraph 15 of the Decree expressly authorizes any of the plaintiffs to challenge any selection process that has an adverse impact against African-Americans or women, if they have given notice of the problem or issue.

    2. In such motions, plaintiffs have the right to seek not only an injunction, but may also seek make-whole relief to persons who were harmed by any violations of the Decree by the Defendant City of Springfield, including back pay and instatement or reinsistement of individuals to their rightful places. Decree, ¶15; accord: Albemarle Paper Co. v. Moody, 422 U.S. 424 (1975).

    3. The "Disclosure of Information Agreement and Release of All Claims Involving the Disclosure of Information" was used by the Defendant City of Springfield in 2005. The City has

refused to furnish copies of applicants Bailey and Newmans' background reports to both the applicants themselves and to plaintiffs. The refusal, without their signature on such a document, is contrary to the requirements of the Illinois Freedom of Information Act ("FOIA") 5 ILCS 140/1-11; Carson v. Davlin, Mayor, and city of Springfield. ___ N. W. ___, NO. 4-05-0568 (App. Div. 4, Nov. 28, 2005). A copy of defendant's refusal is enclosed for the convenience of the Court.

    4. Under the Illinois FOIA, records made by a state, county or municipal government are "presumed to be open and accessible" and "available for inspection or copying." Illinois Education Ass'n v. Illinois State Board of Education, 204 Ill. 2d 456, 462, 791 N. E. 2d 522, 526 (2003); Carson v. Davlin, supra, at 5-6. The "public body has the burden of proving that the records in question fall within the exemption it has claimed." Liever v. Board of Trustees of Southern Ill. U., 176 Ill. 2d 401, 408, 680 N. E. 2d 374, 377 (1997); Carson v. Davlin, supra, at 6. Defendant City has not asserted that the records here are within an exception.

    5. If the Defendant City is claiming here, as it did in Carson v. Davlin, supra, within privacy exemption that claim is without merit. While a municipality may be able to withhold the contents of the records of its background investigations of police officer or firefighter applicants without the applicant's consent because of the privacy interests of the applicant, the Defendant City has no authority under the Illinois FOIA to withhold them from the applicant, because the statute is designed to protect the "personal privacy" of the "individual subjects of the information." Sec. 7(1)(b)(ii) of the Act, 5 ILCS 140/7. In this case, Newman and Bailey each sought the report about his background. Newman and Bailey are the subjects of a report made by the City. They have a statutory right to obtain that report. Illinois FOIA does not require

disclosure of documents which would "constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information." 5 ILCS 140/7(1)(b)(ii). In this case, the individual subjects of the investigations themselves requested the documents to determine, among other things, their accuracy. The City has no privacy interests in those documents, and certainly does not have an interest under the Illinois FOIA that would give the City the right to refuse to provide them to the persons who can consent to their release under that Act.

Based upon the Consent Decree, the record made to date, the Undisputed Facts, Plaintiffs' Statement of Disputed Facts and the exhibits filed and filed by the attorneys for Johnson and Holder, the motion to enforce should be granted; and the Court should enter an Order of the kind submitted herewith.

              Respectfully submitted,

              /s/ David L. Rose

              David L. Rose
              1320 19th Street, NW
              Suite 601
              Washington, DC 20036
              (202) 331-8555
              Attorney for the Plaintiffs.

December 5, 2005