UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE SPRINGFIELD BRANCH, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 00-3136 |
| THE CITY OF SPRINGFIELD, ILLINOIS, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This cause is before the Court on separate Amended Motions to

Enforce Consent Decree. The first of these motions was filed by Plaintiff

Springfield Branch, National Association for the Advancement of Colored

People (the "NAACP"). The other amended motion was filed by

Plaintiffs James E. Johnson and Tara Holder.

## FACTS

1

The NAACP filed suit against the City of Springfield ("the City") and other Defendants on May 16, 2000, for alleged racial discrimination in violation of 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. §§ 1981 and 1981a. The NAACP complained that the test the City used to fill vacancies in its police and fire departments had a disparate impact on the hiring of black job candidates. Additionally, the NAACP alleged that the police and fire departments' use of a physical abilities test disproportionately screened out female applicants.

The NAACP and the Defendants entered into a Consent Decree in an effort to resolve their dispute. The Court signed the Consent Decree on September 5, 2001, and specifically retained jurisdiction in order to enforce the terms of the agreement. The parties filed a Supplement to Consent Decree on February 18, 2003. Unlike the original Consent Decree, the supplement's terms were not recited in a Court order. The parties merely had the supplement docketed.

On September 1, 2005, the NAACP alleged that the Defendants failed to honor the Consent Decree. The NAACP moved the Court to

enforce the terms of the Consent Decree and to impose sanctions. Plaintiffs Johnson and Holder filed a similar motion that same day. The Court struck these motions on November 4, 2005, because they failed to recite any applicable law or apply relevant facts. See d/e 105.

The NAACP and Plaintiffs Johnson and Holder filed their amended motions to enforce on December 5, 2005. The NAACP asks for relief pursuant to Illinois' Freedom of Information Act, 5 ILCS 140/1-11 ("FOIA"). Plaintiffs Johnson and Holder allege that they are entitled to relief under the terms of the Consent Decree because the City of Springfield has not provided timely reports, has not hired an adequate number of black police officers and firefighters, and continues to engage in discriminatory hiring practices.

## ANALYSIS

The party who asserts a violation of a consent decree has the burden of proving the violation by clear and convincing evidence. Shakman v. Democratic Organization of Cook County, 533 F.2d 344, 351 (7th Cir.), cert. denied, 429 U.S. 858, 97 S.Ct. 156, 50 L.Ed.2d 135

3

(1976). In order to prevail on a contempt petition for violating a consent decree, the complaining party must demonstrate by clear and convincing evidence that the respondent has violated the express and unequivocal command of a court order. <u>See</u> <u>Stotler and Co. v. Able</u>, 870 F.2d 1158, 1163 (7th Cir.1989).

Although the NAACP and Plaintiffs Johnson and Holder are the moving parties here, they have done little to satisfy their burden of proof. As an initial matter, the Consent Decree requires the parties to make a good faith effort to confer in an effort to resolve their disputes before seeking court ordered relief. <u>See</u> d/e 87 at ¶ 24 (Consent Decree dated September 5, 2001). The NAACP allegedly complied with this requirement, but Plaintiffs Johnson and Holder have not. Johnson and Holder appear to assume that the NAACP's attempt to satisfy the good faith obligation relieves them from that duty. Their assumption is incorrect. Johnson and Holder were required to make a good faith effort of their own. They have not met this requirement and the Court, therefore, will not consider their request for relief.

While the NAACP has at least alleged its compliance with the good faith requirement, its allegations are otherwise lacking. The NAACP does not cite any cases to support its request for sanctions. For that matter, it fails to cite any cases that set forth the relevant standard of review, burden of proof, or anything else with respect to holding a party in contempt for violating a Consent Decree.

Rather than identifying the City's offensive conduct and specific language in the Consent Decree that bars it, the NAACP asserts that the City violated Illinois' FOIA. The NAACP's FOIA assertions are perplexing since this case is not about FOIA in any way, shape or form. If the NAACP has a FOIA claim, the claim is not part of *this case*. The Consent Decree provides no mechanism for addressing FOIA. And the law plainly states that relief can only be had for matters specifically addressed by the Consent Decree. See Stotler, 870 F.2d at 1163. The parties should understand this at a minimum.

The parties should also understand that they are testing the Court's patience with their repeated missteps, spinning of wheels, and groundless

5

pleadings.  The Court will not hesitate to impose sanctions should this sort of conduct persist.

Ergo, Plaintiffs' Amended Motions to Enforce Consent Decree (d/e 106 & 107) are DENIED.

ENTER:  January 25, 2006

FOR THE COURT

                                              s/ Richard Mills
                                              United States District Judge